UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DYANA G.[1] o/b/o J.A.G.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case # 19-CV-805-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Dyana G. brings this action on behalf of her minor son ("J.A.G.") pursuant to Title XVI of the Social Security Act seeking review of the denial of her application for Supplemental Security Income ("SSI").  ECF No. 1.

Plaintiff applied for SSI on February 20, 2016, when J.A.G. was three years old.  Tr.[2] 148. She alleged that J.A.G. had been disabled since February 5, 2015 due to developmental and behavioral problems.  Tr. 184.  The Social Security Administration ("SSA") denied her application.  Tr. 71.

Plaintiff requested a hearing, and on May 8, 2018, Plaintiff and J.A.G.—then five years old—testified at a hearing before an Administrative Law Judge ("the ALJ").  Tr. 33.  On July 24, 2018, the ALJ issued an unfavorable decision.  Tr. 10.  After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court.  ECF No. 1.  This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 1383(c).

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only the first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6, 6-1, 6-2.

1

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). ECF Nos. 8, 14. For the following reasons, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

### I.    District Court Review

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.   Child Disability Standard

An individual under 18 years old will be considered disabled if he has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.924(b). If so, the child is not disabled. If not, the ALJ proceeds to step two and determines whether the child has an impairment, or combination of impairments, that is "severe," meaning that it causes "more than minimal

functional limitations." 20 C.F.R. § 416.924(c). If the child does not have a severe impairment or combination of impairments, she is "not disabled." If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 416.924(d). To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that J.A.G. had not engaged in substantial gainful work activity. Tr. 16. At step two, the ALJ assed J.A.G. with the following severe impairments: attention deficit hyperactivity disorder, opposition defiant disorder, and disruptive mood dysregulation disorder. Tr. 16. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal a Listings impairment. Tr. 17. Further, the ALJ found that J.A.G.'s impairments, alone or in combination, did not functionally equal a Listings impairment because J.A.G. had no extreme limitations and only one marked limitation. Specifically, the ALJ found that J.A.G. had no limitation in Acquiring and Using Information; a less than marked limitation in

Attending and Completing Tasks, Moving About and Manipulating Objects, Caring for Yourself, and Health and Physical Well-Being; and a marked limitation in Interacting and Relating with Others.  Tr. 18-26.  Accordingly, the ALJ determined that J.A.G. was not disabled.  Tr. 26.

## II.     Analysis

Plaintiff argues that the ALJ gave too little weight to the opinion of one of J.A.G.'s treating mental health counselors, Christine Faust, MS, LMHC-P.  Ms. Faust completed a Child Mental Residual Functional Capacity Questionnaire on May 3, 2018.  Tr. 1387.  Like the ALJ, Ms. Faust opined that J.A.G. had no limitation in Acquiring and Using Information, a moderate limitation in Attending and Completing Tasks and Moving About and Manipulating Objects, and a marked limitation in Interacting with Others.  Tr. 1385.  Unlike the ALJ, however, Ms. Faust opined that J.A.G. also had a marked limitation in Caring for Yourself.  Tr. 1385.  Had the ALJ properly evaluated Ms. Faust's opinion, Plaintiff argues, the ALJ would have agreed with Ms. Faust that J.A.G. was markedly limited in two domains, and consequently would have found him to be disabled.  The Court disagrees.

The ALJ found that Ms. Faust's opinion was "of limited probative value" because (1) Ms. Faust had only seen J.A.G. for six counseling sessions at the time she rendered her opinion (in contrast to J.A.G.'s teacher, who rendered an opinion after observing J.A.G. every Monday through Friday for eight months and found less severe limitations), (2) it was inconsistent with observations Ms. Faust made during her counseling sessions with J.A.G., (3) it was based in large part upon the subjective reports of J.A.G.'s parents, (4) J.A.G. was not on any medications, and (5) J.A.G. was not subject to a behavioral modification plan at school.  Tr. 20.

Plaintiff only challenges the second of these reasons.  Plaintiff argues that the ALJ failed to cite to any evidence that she found to be inconsistent with Ms. Faust's opinion.  ECF No. 8-1 at 15.  The Court concludes that Plaintiff's argument does not warrant remand.

Initially, the Court notes that the ALJ offered five separate reasons for giving diminished weight to Ms. Faust's opinion.  Thus, even assuming the ALJ should have more fully explained her second reason, the Court finds no error because the ALJ gave four more supporting reasons— none of which Plaintiff challenges.

More to the point, even though the ALJ did not cite to the evidence that she felt was inconsistent with Ms. Faust's opinion, the Court can glean the ALJ's rationale from the record. *See Michael R. v. Comm'r of Soc. Sec.*, No. 19-CV-6836-MJR, 2021 U.S. Dist. LEXIS 19618, at *21 (W.D.N.Y. Feb. 1, 2021) ("Where the evidence in the record permits the court 'to glean the rationale of an ALJ's decision,' the ALJ need not mention every item of testimony presented or even explain why particular evidence was considered unpersuasive or insufficient to support a conclusion of disability." (quoting *Miller v. Comm'r of Soc. Sec.*, 409 F. App'x 384, 388 (2d Cir. 2010) (summary order)).

The few records that Plaintiff submitted from the counseling sessions with Ms. Faust do not reveal any observations reflecting a marked limitation in J.A.G.'s ability to care for himself. Rather, Ms. Faust noted that J.A.G.'s mental status findings were normal other than "a negligible degree of conceptual disorganization." Tr. 1354.  Otherwise, he was well oriented and alert, with appropriate affect and normal (euthymic) mood.  Tr. 1354. His eye contact was good, and his speech was logical, coherent, and goal-directed.  Tr. 1354.  His recent and remote memory was unimpaired.  Tr. 1354.  His psychomotor activity was normal, he was cooperative and interested, and he denied hallucinations.  Tr. 1354.  He showed no significant preoccupations, verbalized

awareness of problems, and saw consequences. Tr. 1354. His judgment was good, he was able to attend and maintain focus, and he was reflective and able to resist urges. Tr. 1354.

The remainder of Plaintiff's motion is devoted to citing all the evidence that she believes supports Ms. Faust's finding (and Plaintiff's position) that J.A.G. was markedly limited in his ability to care for himself. *Id.* at 15-20. But the existence of such evidence does not mean that the ALJ erroneously evaluated Ms. Faust's opinion, especially where, as here, there was ample other evidence supporting the ALJ's conclusion. It is the ALJ's job to resolve conflicting record evidence and the Court must defer to that resolution. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve." (citation omitted)). Accordingly, remand is not required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 8, is DENIED, the Commissioner's motion, ECF No. 14, is GRANTED, and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 9, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court